UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY A. DANNER,

    Petitioner,

v.　　　　　　　　　　　　　　　　　Case No. 8:13-cv-322-T-23EAJ

SECRETARY, Department of Corrections,

    Respondent.
    _____/

## **O R D E R**

    Danner petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for two counts of trafficking in prescription drugs and two counts of obtaining a controlled substance by fraud, for which he serves seven years. The petition is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court possesses discretion to *sua sponte* raise the issue of the timeliness of a Section 2254 petition for habeas corpus).

    The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 petition for the writ of habeas corpus. "A 1-year period of limitation

shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."  28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Danner's conviction was final in July, 2008,[*] and the limitation expired one year later, absent tolling for a timely-filed state post-conviction proceeding.  Danner commenced no post-conviction proceeding until February, 2012, when he filed a motion to correct an illegal sentence under Rule 3.800(a), Florida Rules of Criminal Procedure. The motion to correct an illegal sentence proceeding afforded Danner no tolling because, as shown above, the limitation expired more than three years earlier. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."  *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).  Because the federal one-year limitation had already expired, the state motion to correct an illegal sentence failed to toll the federal limitation to allow Danner to file a future federal action.

---

[*] The online dockets for the Second District Court of Appeal and the Circuit Court for Pinellas County confirm Danner's representations.

Liberally construing the petition, Danner asserts entitlement to a delayed start of the limitation under *Shelton v. Sec'y, Dep't of Corr.*, 802 F. Supp. 2d 1289 (M.D. Fla. 2011), which found that a 2002 amendment to Florida's drug possession statute rendered the statute unconstitutional. However, the decision upon which Danner relies was reversed by *Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348 (11th Cir. 2012), *pet. for cert. filed* (No. 12-7430) (November 20, 2012).

Accordingly, the petition for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk shall enter a judgment against Danner and close this case.

## DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Danner is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Danner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Danner cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, because Danner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Danner must pay the full $455 appellate filing fee without installments unless the circuit court allows Danner to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on February 8, 2013.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE